UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA L. WHIPPLE, *et al*, | } | |
| | } | |
| Plaintiffs, | } | |
| VS. | } | CIVIL ACTION NO. H-07-3923 |
| | } | |
| RUSTY FAVORITE, *et al*, | } | |
| | } | |
| Defendants. | } | |

## OPINION & ORDER

Presently before the Court are Plaintiffs Monica Whipple ("Whipple") and Leslie Branham's ("Branham") Second Amended Complaint (Doc. 40); Defendants Rusty Favorite ("Favorite") and Jayson Moore's ("Moore") Motion to Dismiss (Doc. 43); Defendants ChemStation Alabama, ChemStation Gulf Coast, and ChemStation Texas Gulf Coast's Motion to Dismiss (Doc. 42); Defendant ChemStation International, Inc.'s ("ChemStation International") Motion to Dismiss (Doc. 41); and the responses and replies thereto.  Upon careful review and consideration of these motions, responses, and replies thereto, as well as relevant legal authority, and for the reasons explained below, the Court finds that ChemStation International, Inc.'s motion to dismiss should be granted; all claims against Defendants ChemStation Alabama and ChemStation Gulf Coast should likewise be dismissed; the remaining Defendants' motions should be granted-in-part and denied-in-part.


I.  Background and Relevant Facts

Plaintiffs Whipple and Branham were both hired as account managers by ChemStation Texas Gulf Coast on July 1, 2003.  (Doc. 40 at 3-4.)  Branham was fired on July 19, 2005, and

Whipple was similarly discharged on September 29, 2005.  (Id.)  Plaintiffs allege that during their employment Defendants Favorite and Moore made offensive and belittling remarks about their sex, denied them equal work opportunities, and ultimately fired them, all because of their gender.  (Id.)  According to the Second Amended Complaint, Defendant Moore told Plaintiff Whipple that her "boobs are why she places tanks" (i.e., makes sales) and that "she uses her boobs to makes sales."  (Id.)  Defendant Favorite allegedly referred to Ms. Whipple as "Barbie." (Id.)  Plaintiffs allege that Favorite is the president and owner of ChemStation Texas Gulf Coast, ChemStation Alabama, and ChemStation Gulf Coast, and that Moore is the director of operations of these same entities.  (Doc. 26 at 4.)

Plaintiffs initially filed charges against Defendant ChemStation Texas Gulf Coast with the Texas Workforce Commission's Civil Rights Division on December 14, 2005, charging various acts of sex discrimination, including harassment, differential treatment, unequal pay, and, ultimately, termination.  (Doc. 1, Exh. B.)  The charge also specifically names Defendants Favorite and Moore.  (Id.)  On March 31, 2006, after reviewing the charging documents and visiting Defendants' Houston office, the U.S. Equal Employment Opportunity Commission ("EEOC") determined that, for the purpose of its investigation, the "operations of Chem[S]tation Alabama, [ChemStation] Gulf Coast and [ChemStation] Texas Gulf Coast are interrelated." (Doc. 1, Exh. A.)  On August 22, 2007, the EEOC issued a Notice of Right to Sue in this matter. (Doc. 1, Exh. B.)

Plaintiffs, proceeding *pro se*, initiated suit against Defendants Favorite and Moore in this Court on November 20, 2007, asserting sex discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.  (Doc. 1.)  Plaintiffs later obtained counsel and, with the permission of the Court (Doc. 39), filed their Second

Amended Complaint (Doc. 40) charging sexual harassment and discrimination in violation of the Texas Labor Code § 21.051 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 *et seq.*, and the Equal Pay Act of 1963 ("EPA"), Fair Labor Standards Act, 29 U.S.C. § 206(d), as well as a state law claim for intentional infliction of emotional distress.

II.  Legal Standard on a Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  A plaintiff must allege sufficient "facts to state a claim to relief that is plausible on its face.  Id. at 547.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotations omitted).

However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).  Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations

pleaded in the complaint must be taken as true.  Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).  Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.  United States ex rel. Willard v. Humana Health Plan of Texas, Inc., 336 F.3d 375, 379 (5th Cir. 2003).  When deciding a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996).

III.  Discussion

   A.  Title VII and Texas Labor Code Claims

   Title VII makes it "unlawful . . . for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  However, while 42 U.S.C. § 2000e(b) defines the term employer to include "any agent" of an employer, the Fifth Circuit does not interpret this statute as imposing individual liability for such a claim.  Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); see also Smith v. Amedisys, Inc., 298 F.3d 434, 449 (5th Cir. 2002).  Rather, "Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII."  Id. (citing Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir.1994)).

   In this case, ChemStation Texas Gulf Coast employed Plaintiffs Whipple and Branham. As supervisors and fellow employees, Defendants Favorite and Moore may not be sued in their individual capacities for damages under Title VII or the corresponding Texas Labor Code statute

§21.001 *et seq.* (designed to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments").  See Jenkins v. Guardian Indus. Corp., 16 S.W.3d 431, 439 (Tex. App.-Waco 2000, pet. denied).   Therefore, these claims against Defendants Favorite and Moore are dismissed.

Defendants ChemStation Alabama, ChemStation Gulf Coast, and ChemStation International separately argue that Plaintiffs' Title VII claims against them must be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 2000e-5(e).  (Doc. 42 at 3-4 and Doc. 41 at 5.)  The filing of a charge with the EEOC is a jurisdictional prerequisite to a suit under Title VII.  Although "courts have developed a multiplicity of means to circumvent this jurisdictional requirement," 2 Larson, Employment Discrimination § 49.42 at 9B-71 (1981), the narrow judicially created exceptions do not apply here.  In Romero v. Union Pacific Railroad, 615 F.2d 1303 (10th Cir. 1980), an appellant challenged the court's subject matter jurisdiction over individual defendants not named in the EEOC charges.  The court held that the narrow judicially created exceptions to the requirement exist only "where the defendant was informally referred to in the body of the charge . . . or where there is a sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and that the EEOC have an opportunity to attempt conciliation."  Id. (internal citations omitted).

When initially filing their discrimination charge with the Texas Workforce Commission, Plaintiffs named only ChemStation Texas Gulf Coast as their employer.  (Doc. 1, Exh. B.)  Defendants ChemStation Alabama, ChemStation Gulf Coast, and ChemStation International were not named or referred to in the body of the charge.  (Id.)  Furthermore, while these entities may have had some notice of the charges alleged through the letter sent by the EEOC to

Defendant Moore, there is no record of any attempt at conciliation by the EEOC with regards to the unnamed defendants.  The Title VII claims are therefore dismissed with respect to Defendants ChemStation Alabama, ChemStation Gulf Coast, and ChemStation International for want of subject matter jurisdiction.  For the same reasons, Plaintiffs' corresponding Texas Labor Code charges against ChemStation Alabama, ChemStation Gulf Coast, and ChemStation International must be dismissed.

Finally, Defendant ChemStation Texas Gulf Coast argues that's the Title VII charge must be dismissed because section 2000e-5(f)(1) of Title VII requires that an action be brought within ninety days of receipt of a Notice of Right to Sue.  42 U.S.C. § 2000e-5(f)(1).  Plaintiffs filed their initial complaint (Doc. 1) exactly ninety days after receiving their Notice of Right to Sue, but named only Defendants Favorite and Moore; ChemStation Texas Gulf Coast was not joined until the Plaintiffs' Second Amended Complaint (Doc. 40) was filed long after the statutory period had expired.  Fed. R. Civ. P. 15(c), however, provides that where a "claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."  The Court finds that under Rule 15(c), Plaintiffs' Second Amended Complaint relates back to the initial complaint for the purpose of the statute of limitations.  Fed. R. Civ. P. 15(c).  As a result, the Court will not dismiss the Title VII charges or the corresponding Texas Labor Code charges against Defendant ChemStation Gulf Coast.

B.  EPA Claim

Causes of action under the EPA, "may be commenced within two years after the cause of action accrued," unless the action arises from a "willful violation," in which case the action may be commenced within three years.  29 U.S.C. § 255(a).  Willfulness is synonymous with

voluntary, deliberate, and intentional for the purposes of the three year statute of limitations for willful violations of the EPA.  See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Consequently, a willful violation occurs when "the employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the [EPA]."  Id. at 133; see also Singer v. City of Waco, 324 F.3d 813, 821 (5th Cir. 2003).  Furthermore, a cause of action under the EPA accrues "at each regular payday immediately following the work period during which the services were rendered . . . ."  Halferty v. Pulse Drug Co., Inc., 821 F.2d 261, 271 (5th Cir. 1987), modified on other grounds 826 F.2d 2 (5th Cir. 1987); Alldread v. Grenada, 988 F.2d 1425, 1430 (5th Cir. 1993).

Plaintiffs allege that "Defendants showed reckless disregard by willfully and intentionally manipulating the process by which commissions were awarded to female workers compared to their male counterparts resulting in Plaintiffs receiving less pay for equal work . . . ."  (Doc. 40 at 5.)  For example, Plaintiffs compared commissions on gallons of product sold with a male coworker and discovered he was paid more for the same amount.  (Id.)  If proven true, these allegations could give rise to a reasonable inference that the employer either knew it was engaging in prohibited conduct or acted with reckless disregard.  See e.g., Glunt v. GES Exposition Servs., 123 F.Supp.2d 847, 861 (D. Md. 2000) (reasonable jury could find unequal pay for similar work to be a "willful violation").  Because Plaintiffs filed their EPA claim within three years of their final paycheck, these claims are not time-barred.

Defendant ChemStation International separately argues that the EPA claim against it is time-barred because Plaintiffs rely on only conclusory allegations that it played a part in willful violation of the EPA.  For this argument ChemStation International relies on Twombly, which held that Fed. R. Civ. P. 8(a) requires that "[f]actual allegations must be enough to raise a right to

relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (internal citations and quotations removed).  "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." <u>Id.</u> at 557-58 (internal quotations removed).

In this case, the complaint against ChemStation International remains speculative, even if all the allegations are true, as Plaintiffs fail to allege how ChemStation International was involved as an employer in violations of the EPA.  Plaintiffs blankly assert that all Defendants are their employer, and ChemStation International is mentioned as a "franchiser and employer." (Doc. 40 at 1.)  Clearly if such a pleading were sufficient, based on a meritorious cause of action, Plaintiffs could pursue discovery against countless defendants.  The Court therefore dismisses the EPA claim as to ChemStation International.  The same reasoning applies to ChemStation Alabama and ChemStation Gulf Coast: They did not employ Plaintiffs Whipple or Branham and therefore the EPA claims against them are conclusory.  Accordingly, those claims fail.

C.  Section 1981 Claim

Section 1981 provides that "[a]ll persons . . .shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981(a).  To succeed on a § 1981 claim, a plaintiff must establish "(1) that she is a member of a racial minority; (2) that [defendants] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."  <u>Arguello v. Conoco, Inc.</u>, 330 F.3d 355, 358 (5th Cir. 2003) (citing <u>Morris v. Dillard Dep't Stores, Inc.</u>, 277 F.3d 743, 751 (5th Cir. 2001)).  Here

Plaintiffs Whipple and Branham have not complained that they are members of a racial minority or that Defendants intended to discriminate against them on the basis of race.  Hence, the Court dismisses the § 1981 claims as to all Defendants.

D.  Intentional Infliction of Emotional Distress Claim

In Stanford Fruit and Vegetable Co. v. Johnson, 985 S.W.2d 62, 68 (Tex. 1998), the Texas Supreme Court recognized the intentional infliction of emotional distress as a "gap-filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress."  Hoffman-LaRoche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004) (citing Standard Fruit, 985 S.W.2d at 68). "Intentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies."  Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005).  Accordingly, the Court finds that Plaintiffs may not assert an intentional infliction of emotional distress claim as it is based on the same underlying conduct as their claims for sex discrimination.  These claims are dismissed as to all Defendants.

E.  Breach of the "Duty of an Employer" Claim

Essentially Plaintiffs plead a negligence cause of action, arguing that "Defendants, as Branham and Whipple's employer, had certain nondelegable and continuous duties, including the duty to supervise Branham and Whipple and other employees and prevent or correct unlawful and preventable conduct by employees . . . ."  The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798 (Tex.

2004).  Because Texas law recognizes no general "duty of an employer," this claim is dismissed as to all Defendants.


IV.  Conclusion

   Accordingly, the Court hereby ORDERS that Defendant ChemStation International, Inc.'s Motion to Dismiss (Doc. 41) is GRANTED.

   Defendants Rusty Favorite and Jayson Moore's Motion to Dismiss (Doc. 43) is GRANTED-IN-PART and DENIED-IN-PART; this motion is granted with respect to all claims except those arising under the EPA.

   Defendants ChemStation Alabama, ChemStation Gulf Coast, and ChemStation Texas Gulf Coast's Motion to Dismiss (Doc. 42) is GRANTED-IN-PART and DENIED-IN-PART; all claims with respect to Defendants ChemStation Alabama and ChemStation Gulf Coast are dismissed; the Title VII and corresponding Texas Labor Code claims, as well as those arising under the EPA against Defendant ChemStation Texas Gulf Coast are not dismissed.

   SIGNED at Houston, Texas, this 29th day of September, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE